IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STEPHANIE GENEVA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| U. T. HEALTH EAST TEXAS, | § | |
| | § | |
| Defendant | § | |

COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

I.      PARTIES

1.  Geneva is a resident of Henderson County, Texas.  U.T. Health East Texas ("UTHET") is a

    private hospital.

II.      SERVICE OF PROCESS

2.  UTHET may be served by delivering a copy hereof, together with summons, to its Chief

    Executive Officer, Scott Campbell, at his office, 2000 S. Palestine, St., Athens, Texas

    75751.

III.      JURISDICTION

3.  (a)      Subject Matter

    This Court has jurisdiction under  42 U.S.C. §  2000e – 3a, the anti-retaliation provision

    of Title VII of the Civil Rights Act of 1964.

    (b)      *In personum*

    This Court has *in personum* jurisdiction because UTHET does business in Texas.

## IV.     VENUE

4. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391 (b) (1) because UTHET resides in Henderson County, Texas which is in the Tyler Division of the Eastern District of Texas.

## V.     FACTS

5. Geneva was wrongfully terminated by UTHET on November 18, 2019.  The termination was wrongful because it was accomplished by UTHET in retaliation for Geneva having filed an ethics complaint on the same day as her termination against Robert Mundon, the Emergency Room Director of UTHET, as well as Christina Logan, a fellow nurse.

6. Geneva has received her right to sue letter mailed on February 18, 2020 and this suit is being timely filed on the basis of that date; accordingly, this suit is timely, and Geneva has exhausted her administrative remedies.

7. Geneva was a nurse in the Emergency Room of UTHET.  Geneva worked there eleven years and had good reviews.  The false reason claimed by UTHET was that Geneva had harassed a patient.  She had *never* harassed a patient.  Thus the reason given by UTHET was completely pretextual.  The real reason was illegal retaliation for having filed the ethics complaint against Mundon and Logan.  Geneva was legitimately bringing things up that were not right.  UTHET is responsible for the conduct of Mundon and Logan under the doctrine of *respondeat superior.*

## VI.     CAUSE OF ACTION

8. Geneva restates the above.  The conduct of UTHET was in violation of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e – 3a.

## VII.    COMPENSATORY DAMAGES

9. Geneva has suffered compensatory damages of three types: (1) back pay; (2) value of paid time off; and (3) emotional distress, mental anguish, and reduced ability to enjoy life.  Category (1) has damages of at least $19,500; category (2) is $2,438; category (3) damages are inherently unliquidated and are subject to the discretion of the jury. Geneva has suffered severe emotional distress; as a result of the conduct of UTHET and its authorized agents, she has to take fluoxetine and has developed attention deficit hyperactivity disorder.  Geneva expects this sort of compensatory damages to amount to $300,000.  Geneva requests judgment for all of her compensatory damages.

## VIII.    EXEMPLARY DAMAGES

10. Because the conduct of UTHET was malicious and intentional, Geneva will be entitled to an award of exemplary damages.  Geneva requests judgment the maximum amount of exemplary damages authorized by Tex. Civ. Prac. & Rem. Code, § 41.008.

## IX.    ATTORNEYS' FEES

11. Under the federal statute cited above, Geneva will be entitled to an award of attorneys' fees.  It is estimated that these will amount to $80,000 through the jury trial; $60,000 in the event of appeal to the court of appeals, and an additional $60,000 in the event review is sought in the Supreme Court of the United States.  Geneva requests judgment for same.

## X.    PRAYER

Geneva requests (1) that UTHET be served or otherwise suffer default; (2) that she be awarded all compensatory damages requested above; (3) that she be awarded the

exemplary (or punitive) damages requested hereinabove in order to deter UTHET and other persons and entities of similar ilk from engaging in such outrageous conduct in the future; (4) that she be awarded the attorneys' fees requested above; (5) that she be awarded her costs and such pre-judgment and post-judgment interest as are allowable by law; and (6) that she be awarded such other further relief, whether general or special, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

By/s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON
P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel.     (214)478-0152
Fax:     (214)481-1878
Web     www.boydstap.com

XI.     JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b), Geneva demands trial by jury on all issues.